## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIRK WHITE, TANYA WHITE and MORRIS BART, LLC** | * | **CIVIL ACTION NO 2:23-CV-05110** |
| | * | |
| *Petitioners* | * | **SECTION: "I" (5)** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| **DOVER BAY SPECIALTY  INSURANCE COMPANY and LIBERTY BANK & TRUST COMPANY** | * | **MAGISTRATE JUDGE MICHAEL NORTH** |
| | * | |
| *Defendants* | * | |

## DOVER BAY'S ANSWER, DEFENSES AND REQUEST FOR JURY TRIAL

**NOW COMES**, through undersigned counsel, Defendant, Dover Bay Specialty Insurance Company ("Dover Bay"), who, in response to the Petition (R. Doc. 1-1) filed by Plaintiffs, Kirk White, Tanya White ("White") and Morris Bart, LLC ("Bart") (collectively, the "Plaintiffs"), files this Answer, Defenses and Request for Jury Trial and, in support of same, avers as follows:

## I. DEFENSES

Dover Bay hereby asserts the following affirmative and other defenses, but does not assume any burden of production or proof unless required by law:

## FIRST DEFENSE

The claims stated in the Petition are based on a contract of insurance between Kirk White and Dover Bay. Dover Bay avers that the policy issued to Kirk White, a homeowners policy bearing policy no. 18-BZ-3479-8 for the residence located at 36 Marywood Court, New Orleans,

Louisiana 70128 being a written contract (the "Policy"), is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein *in extenso.*

## SECOND DEFENSE

Dover Bay avers that the Policy states the following:

## SECTION I – PROPERTY COVERAGES

\*\*\*

**COVERAGE C – LOSS OF USE**
The most we will pay for the sum of all losses combined under Additional Living Expense, Fair Rental Value, and Prohibited Use is the limit of liability shown in the Declarations for Coverage C – Loss of Use.

1.  Additional Living Expense. When a loss insured causes the residence premises to become uninhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

    a.  the time required to repair or replace the premises;

    b.  the time required for your household to settle elsewhere; or

    c.  24 months.

\*\*\*

3.  Prohibited Use. We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that:

    a.  direct physical damage occurs to any property, other than covered property located on the residence premises, arising from a cause of loss that would be a loss insured under this policy if the damage had occurred to the property on the residence premises;

b.  the residence premises is within one mile of property damaged by a cause of loss identified in 3.a. above; and

c.  the action of the civil authority is take in response to:

    1.  dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

    2.  dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above;

    3.  the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We will not pay for loss or expense due to cancellation of a lease or agreement.

## **THIRD DEFENSE**

Dover Bay pleads the following limitations, conditions and exclusions as to Section I

Conditions are applicable:

## **SECTION I – CONDITIONS**

*** 

2.  **Your Duties After Loss.** After a loss to which this insurance may apply, ***you*** must cooperate with us in the investigation of the claim and also see that the following duties are performed:

***

b.  protect the property from further damage or loss, and also;

    (1)  make reasonable and necessary temporary repairs required to protect the property; and

    (2)  keep an accurate record of repair expenses;

***

e.  submit to ***us,*** within 60 days after the loss, ***your*** signed, sworn proof of loss that sets forth, to the best of ***your*** knowledge and belief:

***

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss of us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

***

5. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, *we* will pay only *our* share of the loss. *Our* share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any part must be started within two years after the date of loss or damage.

## **FOURTH DEFENSE**

Dover Bay avers that the Policy states the following:

## SECTION I – LOSS SETTLEMENT

Only the **Loss Settlement Provisions** shown in the ***Declarations*** will apply. ***We*** settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for ***diminution of value***.

## COVERAGE A- DWELLING

1.   **A1 - Replacement Cost Loss Settlement – Similar Construction**

  a.   ***We*** will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the ***Declarations***, the damaged part of property covered under **SECTION 1 -COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

  (1)   until actual repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of

liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

(2)    when the repair or replacement tis actually completed, ***we*** will pay the covered additional amount ***you*** actually and necessarily spend to repair or replace the damage part of the property or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

(3)    to receive any additional payments on a replacement cost basis, <u>**you**</u> must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4)    ***we*** will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a ***building structure*** or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.**

b.    Wood fences: ***We*** will pay the ***actual cash value*** for loss or damage to wood fences, not to exceed the limit of liability shown in the ***Declarations*** for **COVERAGE A – OTHER STRUCTURES.**

## <u>FIFTH DEFENSE</u>

Dover Bay avers that the Policy states the following:

## SECTION I – LOSS SETTLEMENT

***

## COVERAGE B – PERSONAL PROPERTY

1.    **B1 – Limited Replacement Cost Loss Settlement**.

a.    ***We*** will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY** with property of like kind and quality, except for property listed in item b. below, subject to the following:

(1)    until repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged property;

(2)    after repair or replacement is completed, *we* will pay the difference between the ***actual cash value*** and the cost you have actually and necessarily spent to repair or replace the property; and

(3)    if property is not repaired or replaced within two years after the date of loss, *we* will pay only the ***actual cash value***.

b.    *We* will pay market value at the time of loss for:

(1)    antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

(2)    articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

(3)    property not useful for its intended purpose.

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1)    ***our*** cost to replace at the time of loss;

(2)    the full cost of repair;

(3)    any special limit of liability described in this policy; or

(4)    any applicable Coverage B limit of liability.

## SIXTH DEFENSE

Dover Bay avers that the Policy excludes the following losses:

## SECTION I – LOSSES NOT INSURED

1.    *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or

widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\*\*\*

g.    wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

h.    corrosion, electrolysis, or rust;

i.    wet or dry rot;

\*\*\*

k.    settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

\*\*\*

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured by this Section.

2.    *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

b.    **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

\*\*\*

(3)  sinkhole or subsidence;

\*\*\*

(5)  erosion;

\*\*\*

However, *we* will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a ***loss insured***.

\*\*\*

d.   **Neglect,** meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

\*\*\*

g.   Fungus, including:

(1)   any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement, by ***fungus***;

(2)   any remediation of ***fungus***, including the cost to:

(a)   remove the ***fungus*** from covered property or to repair, restore, or replace that property; or

(b)   tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(3)   the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

### **SEVENTH DEFENSE**

Dover Bay avers that the Policy excludes the following losses:

### **SECTION I – LOSSES NOT INSURED**

\*\*\*

3.   ***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, ***we*** will not pay for any loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a.   conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b.   defect, weakness, inadequacy, fault, or unsoundness in:

(1)     planning, zoning, development, surveying, or siting;

(2)     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3)     materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4)     maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the ***residence premises***; or

c.     weather conditions.

However, ***we*** will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Not Insured as described in this Section.

## EIGHTH DEFENSE

Dover Bay avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of Dover Bay or any of its agents or representatives. If Plaintiffs have suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for whom Dover Bay is not responsible.

## NINTH DEFENSE

Dover Bay avers that if any of Plaintiffs damages are the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

## TENTH DEFENSE

To the extent that Plaintiffs have already received any payments from Dover Bay for their losses, Dover Bay avers that those payments were appropriate, that Plaintiffs have already been

paid everything that they are owed under the Policy, and in the event of a further judgment in favor of Plaintiffs, Dover Bay claims a credit and/or a set-off of all amounts previously paid.

## ELEVENTH DEFENSE

Plaintiffs' recovery pursuant to the Policy, if any, is limited to any previously uncompensated losses covered by the Policy. Plaintiffs may not recover for losses previously compensated under any policy providing insurance, and Dover Bay reserves the right to seek an offset for such payments.

## TWELFTH DEFENSE

Dover Bay adjusted Plaintiffs' claim in good faith, and in accordance with the terms and conditions of the Policy, and in compliance with applicable statutory jurisprudential law.

## THIRTEENTH DEFENSE

Dover Bay denies that Dover Bay, in any manner, breached its contractual or statutory duties to Plaintiffs; however, to the extent Plaintiffs establish a breach of contract and/or violation of statutory duties, Dover Bay avers Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## FOURTEENTH DEFENSE

Plaintiffs are responsible for reading the Policy, as well as any renewal notices, and is presumed to know the provisions of the Policy, including the insurer's limit of liability and may not avail themselves of ignorance of the Policy or law.

**FIFTEENTH DEFENSE**

Should it be shown that Plaintiffs have made any material misrepresentations in connection with the claim for recovery of damages under the Policy, Dover Bay pleads such representations are in violation of terms and conditions of said policy, thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said Policy, which are pled as if copied *in extenso*.

**SIXTEENTH DEFENSE**

To the extent that Plaintiffs were insured under a flood insurance policy and received payment pursuant to such policy for such losses, Plaintiffs are estopped from asserting a claim for any losses previously compensated under their flood insurance policy.

**SEVENTEENTH DEFENSE**

Plaintiffs' recovery under the Policy is limited to the applicable policy limits reflected on the declarations page of the Policy.

**EIGHTEENTH DEFENSE**

The Policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that the Plaintiffs have breached these provisions, any alleged coverage is precluded under the Policy and are pled herein as if copied *in extenso*.

**NINETEENTH DEFENSE**

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of the coverage, the failure to properly communicate to Dover Bay, the Dover Bay agent, and

the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

### TWENTIETH DEFENSE

Should it be found that the damages sought by Plaintiffs were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, Dover Bay pleads the "other insurance" provisions of the Policy.

### TWENTY-FIRST DEFENSE

Any declaratory action related to Bart's purported statutory attorney lien is premature where no trier of fact that Plaintiffs and/or Bart are entitled to an award of attorney fees, and Plaintiffs have not obtained a judgment awarding damages or attorney fees.

### TWENTY-SECOND DEFENSE

Any declaratory action related to Bart's purported statutory attorney lien is also premature where there is no assertion that that Dover Bay has either issued a payment associated with this claim or agreed to a settlement agreement.

### TWENTY-THIRD DEFENSE

Plaintiffs failed to assert a live or actual controversy between Plaintiffs and Defendants, as Plaintiffs allege hypothetical, conjectural, and conditional factual situations that may never develop.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claim for declarative relief seeks an impermissible advisory opinion.

### TWENTY-FIFTH DEFENSE

The Petition fails to properly plead a request for injunctive or declaratory relief.

## TWENTY-SIXTH DEFENSE

The Petition does not give rise to a justiciable controversy involving Dover Bay or Liberty Bank and Trust Company.

## TWENTY-SEVENTH DEFENSE

Dover Bay avers that the Policy expressly requires payment to the mortgagee identified on the policy declarations, Liberty Bank and Trust Company, for any losses under Coverage A:

### SECTION I – CONDITIONS

\*\*\*

10.    **Mortgage Clause.**

    a.    If a mortgagee is named in this policy, any loss payable under Coverage A will be paid to the mortgagee and ***you***, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

## TWENTY-EIGHTH DEFENSE

Dover Bay reserves its right to supplement and amend its Affirmative Defenses as future discovery may warrant and require.

## II. ANSWER

**AND NOW,** answering the severally numbered articles of the Petition of Kirk White, Tanya White and Morris Bart, LLC, Dover Bay respectfully avers as follows:

1.

Dover Bay admits upon information and belief that Plaintiffs are persons of the full age of majority and domiciled in the City of Orleans, State of Louisiana.

2.

Dover Bay admits upon information and belief that Morris Bart is an LLC organized under the laws of the State of Louisiana and its single member, Morris Bart, III, is domiciled in the city of New Orleans, State of Louisiana.

3.

Dover Bay admits that it is an insurance corporation licensed to do and doing business in Louisiana and may be served through its registered agent for service of process, Corporation Service Company.

4.

The allegations contained in Paragraph 4 are directed toward another party for which Dover Bay is not responsible for and therefore no response Dover Bay is required. To the extent a response is required, Dover Bay admits, upon information and belief, that Liberty Bank and Trust Company ("Liberty Bank") is a national association organized under the laws of the state of Louisiana with its principal place of business in Louisiana.

5.

The allegations contained in Paragraph 5 are denied. Dover Bay specifically denies any liability to Plaintiffs.

6.

Dover Bay admits it conducts business in the State of Louisiana.

7.

The allegations contained in Paragraph 7 are denied as written. Dover Bay submits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is the United States District Court for the district and division within which the state court action was pending, prior to removal.

8.

Dover Bay admits, upon information and belief, that White owned the property located at 36 Marywood Court, New Orleans, LA 70128 (the "Property"), which was their primary residence.

9.

The allegations contained in Paragraph 9 are denied as written. Dover Bay admits that on or about August 29, 2021, Hurricane Ida made landfall in Louisiana and the Property sustained damages associated with Hurricane Ida.  However, the damage to the Property remains in dispute and presents an issue for the trier of fact. Dover Bay expressly denies that White "sustained a financial loss that is at least $52,228.17" as alleged in Paragraph 9.

10.

The allegations contained in Paragraph 10 are denied as written.  Dover Bay admits that it issued a homeowner's policy of insurance to White bearing policy number XLH321202 for the Property (the "Policy").  Further answering, Dover Bay avers that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions.

11.

The allegations contained in Paragraph 11 relate to a party that Dover Bay is not responsible for and therefore no response is required from Dover Bay. To the extent a response is required, Dover Bay denies the allegations for lack of information sufficient to justify a belief therein.

12.

Dover Bay avers that the retainer agreement itself is the best evidence of its contents and denies any allegations inconsistent therewith.

13.

The allegations contained in Paragraph 13 are denied as written. Dover Bay admits that Dover Bay assigned White's claim as claim number 18-H748-6HO and that a representative of Dover Bay inspected the Property. Dover Bay specifically denies the allegation that Dover Bay "failed to pay or underpaid the amount of the loss within 30 days after receiving notice of the claim."

14.

Dover Bay denies the allegations contained in Paragraph 14.

15.

Dover Bay repeats and re-alleges its defenses and responses to Paragraphs 1 through 14 as if fully set forth herein.

16.

The allegations contained in Paragraph 16 are denied as written. Dover Bay admits that it issued the Policy to the White's for the Property and that the Policy is the best evidence of its contents, including its coverages, exclusions, and conditions.

17.

Dover Bay admits that the Policy was in full force and effect on the date of Hurricane Ida. The remaining allegations contained in Paragraph 17 are denied for lack of information sufficient to justify a belief therein.

18.

The allegations contained in Paragraph 18 contain conclusions of law, which are reserved for the trier of fact and require no response from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 are denied.

20.

The allegations contained in Paragraph 20 are denied. Dover Bay specifically denies liability to Plaintiffs.

21.

Dover Bay repeats and re-alleges its defenses and responses to Paragraphs 1 through 20 as if fully set forth herein.

22.

Dover Bay admits that La. R.S. 22:1892 imposes certain statutory duties on Dover Bay. However, Dover Bay avers that the statute is the best evidence of its contents and denies any allegations that are inconsistent with Louisiana law. Dover Bay specifically denies any liability to Plaintiffs.

23.

The allegations contained in Paragraph 23 are denied.

24.

The allegations contained in Paragraph 24 are denied.

25.

The allegations contained in Paragraph 25 are denied.

26.

Dover Bay admits that La. R.S. 22:1973 imposes certain statutory duties on Dover Bay. However, Dover Bay avers that the statute is the best evidence of its contents and denies any allegations that are inconsistent with Louisiana law. Dover Bay specifically denies any liability to Plaintiffs.

27.

The allegations contained in Paragraph 27 are denied.

28.

The allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are denied.

30.

The allegations contained in Paragraph 30 are denied.

31.

Dover Bay repeats and re-alleges its defenses and responses to Paragraphs 1 through 30 as if fully set forth herein.

32.

The allegations contained in Paragraph 32 contain conclusions of law, which are reserved for the trier of fact and thus no response is required from Dover Bay. Further answering, the allegations relate to another party that Dover Bay is not responsible for and therefore no response is required from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 32 are denied.

33.

The allegations contained in Paragraph 33 contain conclusions of law, which are reserved for the trier of fact and thus no response is required from Dover Bay. Further answering, the allegations are directed to another party that Dover Bay is not responsible for and therefore no response is required from Dover Bay. To the extent a response is required, the allegations contained in Paragraph 33 are denied.

34.

The allegations contained in Paragraph 34 are directed to another party that Dover Bay is not responsible for and thus no response is required from Dover Bay. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 34 are denied.

35.

The allegations contained in Paragraph 35 are directed to another party that Dover Bay is not responsible for and thus no response is required from Dover Bay. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 35 are denied.

36.

The allegations contained in Paragraph 36 are directed to another party that Dover Bay is not responsible for and thus no response is required from Dover Bay. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 are directed to another party that Dover Bay is not responsible for and thus no response is required from Dover Bay. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 37 are denied for lack of information sufficient to justify a belief therein.

38.

The allegations contained in Paragraph 38 contain legal conclusions and are directed to another party that Dover Bay is not responsible for and thus no response is required from Dover Bay. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 38 are denied.

39.

The allegations contained in Paragraph 39 contain legal conclusions and are directed to another party that Dover Bay is not responsible for and thus no response is required from Dover Bay. However, out of an abundance of caution and to the extent a response is required, the allegations contained in Paragraph 39 are denied.

40.

The allegations contained in Paragraph 40 contain legal conclusions, which are reserved for the trier of fact and do not require a response from Dover Bay. However, to the extent a response is required, the allegations contained in Paragraph 40 are denied.

41.

The allegations contained in Paragraph 41 contain legal conclusions, which are reserved for the trier of fact and do not require a response from Dover Bay. However, to the extent a response is required, the allegations contained in Paragraph 41 are denied.

42.

Dover Bay denies any and all unnumbered paragraphs and headings, including the prayer for relief, to the extent they imply liability on the part of Dover Bay.

## JURY DEMAND

43.

Dover Bay requests a trial by jury for all issues which may be tried by jury.

## RESERVATION OF RIGHTS

To the extent permitted by law, Dover Bay reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

**WHEREFORE**, Dover Bay prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Dover Bay and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at their costs, and for all general and equitable relief.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Mary Kate Fernandez*
Kellen J. Mathews (#31860)
E. Gregg Barrios (#20096)
Christopher D. Joseph, Jr. (#38293)
450 Laurel St., Suite 1900
Baton Rouge, LA 70801
Telephone: (225) 336-5200
Facsimile: (225) 336-5220
Email: gregg.barrios@arlaw.com
Email: kellen.mathews@arlaw.com
Email: christopher.joseph@arlaw.com

***Counsel for Defendant, Dover Bay Specialty Insurance Company***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon

Plaintiffs and all counsel of record in this matter as indicated below:

☒    CM/ECF                    ☐    Prepaid U. S. Mail

☐    Facsimile                    ☐    Electronic Mail

☐    Hand Delivery

This 21st day of September, 2023.

_/s/ Mary Kate Fernandez_____
Mary Kate Fernandez