UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRK WHITE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5110** |
| **DOVER BAY SPECIALTY INSURANCE COMPANY, ET AL.** | **SECTION I** |

## ORDER AND REASONS

On April 29, 2025, the Court held an evidentiary hearing in the above-captioned matter to determine whether a valid, enforceable settlement had been reached between plaintiffs Kirk White ("Mr. White") and Tanya White (collectively, "plaintiffs") and defendant Dover Bay Specialty Insurance Company ("defendant"). In light of the evidence adduced at the hearing, the Court finds that the parties reached a valid and enforceable settlement. The Court therefore enforces the settlement and dismisses the above-captioned matter.

## I. BACKGROUND

Plaintiffs initiated this litigation by filing a petition for damages in Louisiana state court, which was subsequently removed to this Court by defendant.[1] On April 3, 2025, defendant filed an *ex parte* motion to set a status conference.[2] The motion averred that the parties had executed a settlement, defendant had fulfilled its obligations pursuant to it, and yet plaintiffs "refused to execute the dismissal in the matter."[3]

---

[1] R. Doc. No. 1.
[2] R. Doc. No. 23.
[3] *Id.* at 1.

On April 7, 2025, the Court held a status conference with the parties.[4] At the conference, Mr. White did not dispute that he signed the settlement, but he indicated that he tried to reopen the mediation because he believed the settlement was unfair.[5] Mr. White also stated that he had deposited the check, delivered to him by defendant, for the amount specified in the settlement agreement.[6] Mr. White indicated that he was interested in having the Court hold an evidentiary hearing to determine whether the settlement should be enforced.[7] The Court stated that it would hold an evidentiary hearing should plaintiffs return the amount of money provided by defendant in a settlement check by April 14, 2025.[8] Thereafter, the Court was notified that plaintiffs had timely returned the money, and the Court scheduled the evidentiary hearing.[9]

## II. STANDARD OF LAW

"Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014) (internal citation omitted). Accordingly, "[a] federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement

---

[4] R. Doc. No. 24.
[5] *Id.* at 1.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 2.
[9] R. Doc. No. 27.

agreement, so long as none of the substantive rights and liabilities of the parties derive from federal law." *Hotard v. Aegis Sec. Ins. Co.*, No. 23-cv-6003, 2025 WL 50034, at *2 (E.D. La. Jan. 8, 2025) (Fallon, J.) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995)); *accord Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 668 (N.D. Tex. 2023); *Do v. Great Am. Ins. Co.*, No. 23-cv-02372, 2023 WL 7118008, at *1 (S.D. Tex. Oct. 27, 2023); *Floyd v. Aalaei*, No. 15-cv-525, 2017 WL 3129830, at *4 (E.D. Tex. July 24, 2017).

Since the Court is sitting in diversity in this matter, Louisiana law governs the enforceability of the alleged settlement in this case. For this reason, "[t]he settlement agreement between [plaintiff] and [defendant] can be enforced on a finding that a binding, written agreement exists under Louisiana law." *See Richardson v. Famous Bourbon Mgmt. Grp., Inc.*, No. 20-30510, 2021 WL 2026157 (5th Cir. May 20, 2021). "The party who attempts to rely on the existence of a compromise agreement bears the burden of proof to show that the requirements for a valid compromise are present, including that the parties intended to settle." *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So. 2d 37, 55 (La. 2005).

Pursuant to La. C.C. art. 3701, a settlement—or "compromise" as it is referred to under Louisiana law—"is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." "There are two essential elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Preston L.*

3

*Firm, L.L.C. v. Mariner Health Care Mgmt. Co.*, 622 F.3d 384, 390 (5th Cir. 2010) (internal citation omitted). "The compromise instrument is governed by the same general rules of construction applicable to contracts." *Maggio v. Parker*, 250 So. 3d 874, 878 (La. 2018).

"As with all contracts, a compromise is formed when there is offer and acceptance." *Ridgecrest Realty LLC v. Graphic Packaging Int'l LLC*, No. 3:20-CV-01351, 2024 WL 4518348, at *4 (W.D. La. Aug. 22, 2024); *see* La. C.C. art. 1927 ("A contract is formed by the consent of the parties established through offer and acceptance."). Accordingly, "[b]efore a district court can find the existence of a valid written compromise agreement, it must find an offer and an acceptance." *Henry v. Howard L. Nations, A.P.C.*, No. 23-30467, 2024 WL 3673539, at *4 (5th Cir. Aug. 6, 2024). An offer and acceptance "requires a meeting of the minds." *See Read v. Willwoods Cmty.*, 165 So. 3d 883, 887 (La. 2015). The time when an acceptance is effective depends upon the nature of the offer. Whereas "[a]n acceptance of an irrevocable offer is effective when received by the offeror," La. C.C. art. 1934, "an acceptance of a revocable offer . . . is effective when transmitted by the offeree," *id.* art. 1935. "[A]n enforceable compromise agreement formed by offer and acceptance may not be revoked by either party." *See 800 Iberville St. Ltd. P'ship v. V Rest. Grp., L.L.C.*, 221 So. 3d 205, 211 (La. Ct. App. 2017) (cleaned up) (internal citation omitted).

Although consent typically does not require a certain formality, *see* La. C.C. art. 1927, "[a] compromise shall be made in writing or recited in open court." La. C.C. art. 3072. "While the signatures need not be contained in one document, there must

4

be a written offer signed by the offeror and a written acceptance signed by the acceptor, even if the offer and the acceptance are contained in separate writings." *See Henry*, 2024 WL 3673539, at *7 (cleaned up) (internal quotation marks citation omitted). "Until the parties sign[] a written document or documents evincing their consent to the terms of their earlier oral agreement, either party [is] free to change his or her mind." *See id.* (cleaned up) (internal citation omitted).

Pursuant to La. C.C. art. 3082, "[a] compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts," except for the grounds of error of law or lesion. "Louisiana law favors compromises and courts must enforce them as written unless clear and convincing evidence shows that the compromise is invalid." *Smith v. Allstate Ins. Co.*, No. 09-cv-901, 2010 WL 11538547, at *3 (E.D. La. Mar. 5, 2010) (Feldman, J.). "Because compromise agreements are favored, the party seeking to invalidate the agreement bears the burden of proof." *Dyer v. Omni Ins. Co.*, No. 07-cv-108, 2008 WL 4811321, at *2 (W.D. La. Oct. 29, 2008); *see also Billiot v. Bankers Specialty Ins. Co.*, No. 22-cv-2331, 2024 WL 3584403, at *5 (E.D. La. Mar. 19, 2024) (Brown, C.J.) ("The party seeking rescission of a settlement agreement bears the burden of proving its invalidity." (internal citation omitted)); *Sileo v. Berger*, 74 So. 3d 753, 759 (La. Ct. App. 2011) ("Not only does the party seeking to nullify a settlement agreement bear the burden of proof but the law strongly favors compromise agreements between parties.").

"The mere fact that a bad bargain was made is not in itself a sufficient ground for invalidating the compromise." *Billiot v. Bankers Specialty Ins. Co.*, No. 22-cv-2331,

5

2024 WL 3584403, at *5 (E.D. La. Mar. 19, 2024) (Brown, C.J.) (quoting *Saunders v. New Orleans Pub. Serv., Inc.*, 387 So. 2d 603, 605 (La. Ct. App. 1980)); *see also Joseph v. Huntington Ingalls Inc.*, 347 So. 3d 579, 591 (La. 2020) ("It is not the province of the courts to relieve a party of a bad bargain, no matter how harsh."). Similarly, a party's change of heart after entering into a compromise is not a sufficient ground for its invalidation. *See Lege v. Wal-Mart Louisiana LLC*, No. 07-cv-01694, 2009 WL 5195949, at *4 (W.D. La. Dec. 30, 2009) (refusing to invalidate a settlement where "[plaintiff ha[d] advanced no reason for refusing to execute the settlement documents other than he changed his mind"); *Smith v. Ford Motor Co.*, No. 98-cv-2299, 1999 WL 649636, at *4 (E.D. La. Aug. 24, 1999) (Duval, J.) ("Even if a party wishes to undo a settlement agreement one minute after it has been bound, the Court must require enforcement unless one of the elements necessary to vitiate a contract is shown."); *Folse v. IMC-Agrico*, No. 95-cv-1849, 1996 WL 517708, at *2 (E.D. La. Sept. 12, 1996) (Vance, J.) ("Plaintiff's change of mind, however, is untimely. As a matter of law, a valid and enforceable settlement has been reached notwithstanding plaintiff's refusal to sign the receipt and release."); *M.P.W. v. L.P.W.*, 136 So. 3d 37, 50 (La. Ct. App. 2013) ("Unfortunately for M.P.W., a change of heart is not a valid ground to nullify a stipulated judgment or otherwise rescind a compromise agreement.").

### III. ANALYSIS

In light of the information adduced at the hearing, the Court finds that the parties confected a valid and enforceable compromise agreement. The mediator M L Juran ("Juran"), who is an attorney, identified plaintiffs and testified that plaintiffs

were present at the mediation he held. He testified that he was present as the parties reached a settlement agreement, initialed each page of the settlement agreement, and placed their signatures on the final page of the agreement. He also testified that the agreement was notarized in the presence of the parties. Defendant offered into evidence a copy of the settlement agreement with initials, signatures, and notarization consistent with Juran's testimony.

Mr. White did not dispute Juran's testimony. However, he explained that he authorized his wife to initial and sign the compromise on his behalf because of his medical condition. Plaintiffs understood the agreement and the fact that they were settling their claims for $ 12,500.00. Mr. White explained that he decided that he was dissatisfied with the settlement only after he returned home following the mediation and computed his damages. When directly asked, plaintiffs denied that they signed the compromise agreement because of fraud or duress.

In light of this information, the elements of a valid and enforceable compromise agreement pursuant to Louisiana law have been established. There was a meeting of the minds between the parties, an offer and acceptance, and a signed writing. Plaintiffs denied that any defenses such as fraud or duress apply. Because the Court finds that a valid and enforceable settlement has been reached, the Court will enforce the settlement. Since a settlement extinguishing the controversy between the parties has been reached, the Court will dismiss this case.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the above-captioned matter is **DISMISSED**, as the parties have reached a valid and enforceable compromise concluding this litigation, and that defendant shall pay plaintiffs the amount owed to them pursuant to the settlement. The Court retains jurisdiction to enforce the terms of the settlement.

New Orleans, Louisiana, May 1, 2025.

_____<br>
**LANCE M. AFRICK**<br>
**UNITED STATES DISTRICT JUDGE**